**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:07 PM July 11, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CHRISTIAN CARL MERTZ AND | ) | CASE NO. 08-62811 |
| ANDREA LYNN MERTZ, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    This case is before the court on Debtors' amended motion for contempt, filed on May 20, 2014. Debtors allege that creditor Nationstar Mortgage should be sanctioned for violating an order that deemed Debtors' mortgage current. No objections were filed.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

    Debtors filed a joint chapter 13 case on August 22, 2008. Countrywide Home Loans ("Countrywide") was listed as the first mortgage holder on their residential real estate. Under

1

their chapter 13 plan, confirmed on November 20, 2008, the chapter 13 trustee ("Trustee") made the on-going monthly mortgage payments, and accumulated funds paid in for the mortgage arrearage listed by Debtors, to Countrywide.

Debtors made their plan payments and Trustee paid the on-going monthly payment.[1] However, Countrywide never filed a claim for the arrearage. Consequently, in June 2010, Trustee attempted to modify Debtors' plan to distribute the accumulated, undisbursed funds for the arrearage claim to the unsecured creditors. Debtors objected and filed an amended motion to find the mortgage current. That motion indicated that the mortgage was now held by BAC Home Loans. No responses were filed and the court deemed the mortgage current as of September 23, 2010, thereby eliminating the arrearage claim.

On October 3, 2011, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., filed a Notice of Mortgage Payment Change with the court. The case proceeded until July 2013 when Debtors filed a Motion for Trustee to Pay the Mortgage Payments to Ocwen Servicing. According to Debtors, the on-going payments Trustee made in March 2013 and April 2013 were returned by the lender. In accordance with a Notice of Servicing Transfer letter dated March 27, 2013, addressed to Debtors, Debtors sought authorization for Trustee to make payments to Ocwen Loan Servicing, LLC ("Ocwen"). The letter indicated that servicing was transferred from Homeward Residential, Inc. to Ocwen effective April 16, 2013.[2] No one objected and the motion was granted on August 14, 2013.

Debtors completed their plan payments shortly thereafter, as evidenced by Trustee's Notice of Completion of Plan Payments, filed on August 28, 2013. On September 18, 2013, Debtors filed another Motion to Find Mortgage Current, seeking to deem the mortgage current as of September 18, 2013. In the absence of objection, the court granted the motion on November 14, 2013. Debtors obtained a discharge on October 1, 2013. The final decree was issued, and the case closed, on February 21, 2014. With the exception of the Notice of Payment Change, neither the mortgage lender or servicer ever filed a claim, entered a notice of appearance, or responded to any of the motions or other pleadings that affected the mortgage claim.

In May 2014, Debtors reopened the case and filed a motion for contempt, later amended,[3] alleging that the mortgage holder/servicer incorrectly classifies the mortgage account as delinquent. According to the amended motion, Nationstar Mortgage ("Nationstar")[4] "harassed [Debtors] with multiple phone calls per day, sent statements showing they are still delinquent, and just recently sent a letter threatening foreclosure." (Am. M. for Contempt, p. 1, ECF. No.

---

1 A support document filed as ECF No. 52 shows that Trustee disbursed a total of $50,752.80 in on-going monthly payments through August 31, 2010.
2 Until this letter, there is nothing in the record to show that Homeward Residential was the servicer. Additionally, it appears that payments were returned prior to the effective date referenced in the letter. The court repeatedly sees this level of confusion with mortgage servicing.
3 The original motion contained several exhibits that were not appended to the amended motion.
4 A letter dated April 1, 2014, attached as Exhibit A to the original contempt motion, indicates that servicing of the mortgage transferred from Ocwen to Nationstar Mortgage effective March 17, 2014. The Lewisville service address used by Debtors is contained in this letter.

88) Additionally, Debtors contend that the failure to treat the mortgage as current has resulted in the inability to terminate mortgage insurance and to have an escrow surplus refunded. According to Debtors, they have made all payments since the mortgage was deemed current, so the account is not delinquent. Debtors seeks various forms of relief, including (1) retraction of any negative credit reports on the account arising from the claimed delinquency, (2) a refund of the escrow surplus, (3) removal of the mortgage insurance, (4) actual damages of $1,000.00, plus $100.00 per day from June 1, 2014 until the contemptible conduct ceases, (5) sanctions or punitive damages of $10,000.00, and (6) reasonable attorney's fees of $2,500.00 and costs of $235.00 under 11 U.S.C. § 362(k). No response has been filed.

## DISCUSSION

### I. Service

Federal Rule of Bankruptcy Procedure 9020 governs Debtors' motion for contempt. According to the rule, "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Rule 9014 is the rule for contested matters and commands that contested matters be served in accordance with Rule 7004. Fed.R.Bankr.P. 9014(b).

Under Rule 7004(b)(3), service to "a domestic or foreign corporation . . . or other unincorporated association" is made by first class mail "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service . . . ." Review of the certificate of service of the contempt motion shows a failure to comply with this service requirement. As a result, the court cannot grant the motion.

Further, the court is not convinced that Debtors service afforded the mortgage creditor due process. Debtors served Nationstar at 350 Highland Drive, Lewisville, Texas. They also served Ocwen Loan Servicing at three different addresses. However, attachments to the original motion for contempt suggest that Debtors should have also provided service to Nationstar at P.O. Box 630348, Irving, TX 75063. In a letter dated April 11, 2014, which responds to a request from Debtors dated April 4, 2014, Nationstar advises that further information should be sent to that post office box, the Research and Response Department. Considering that department had been communicating with Debtors, the court finds prudence dictates service to this address as well.

### II. Delinquency

Based on the record before the court, it is not clear whether a delinquency exists or not. The mortgage was current as of September 18, 2013 per the order dated November 14, 2013. The record shows that Debtors made the following payments:

| | |
|---|---|
| 09/30/2013 | $2,082.29 |
| 10/29/2013 | $2,092.14 |
| 11/26/2013 | $1,956.26 |

3

```
12/24/2013    $1,956.26
02/04/2014    $1,956.26
03/03/2014    $1,956.26
04/01/2014    $1,956.26
```

The problem for the court is that it doesn't know the due date of the mortgage. Without this information, the court cannot determine whether the 9/30/2013 payment was applied to September 2013 or should have applied to October 2013. Whether Debtors are delinquent remains an unanswered question.

### III.     Damages

Finally, even if service and the facts supported a finding of contempt, Debtors did not prove a damage award in the amounts sought. Although Debtors at one point reference a violation of § 362(k), it is not the automatic stay that is breached, it is the discharge injunction. 11 U.S.C. § 524(a)(2). Debtors also argue that the contempt actions contravene the order finding the mortgage current.

To start, there is a question whether a bankruptcy court can award noncompensatory damages for civil contempt. *Compare* In re Lafferty, 229 B.R. 707 (Bankr. N.D. Ohio 1998) (supporting a bankruptcy court's authority to award punitive damages for willful violations of the discharge injunction) *with* In re Holley, 473 B.R. 212, 215-16 (Bankr. E.D. Mich. 2012) (finding that a bankruptcy court's authority extends only to entry of compensatory damages for civil contempt). Where actual damages are involved, including attorney's fees, "[s]uch damages must be based on evidence of actual loss." Lafferty, 229 B.R. 707, 713 (citation omitted). Here, Debtors have not proved any actual loss. Their vague reference to "countless hours" on the phone with Ocwen and Nationstar is inadequate proof of actual damages. As for attorney's fees and costs, Debtors seeks $2,500.00 in fees and $235.00 in costs. Counsel has not itemized any of her time. It appears that $2,500.00 would represent approximately ten hours of work. The court is hard-pressed to see this as a reasonable expenditure of time for filing uncontested motions to reopen and for contempt.

Finally, the court notes that punitive damages are generally reserved for egregious conduct or willful violations of the stay. Lafferty, 229 B.R. 707, 713; In re Motichko, 395 B.R. 25 (Bankr. N.D. Ohio 2008) (citing In re Perviz, 302 B.R. 357, 374 (Bankr. N.D. Ohio 2003)). Based on the information before the court, Nationstar began servicing this loan on March 17, 2014. Their records "indicate [the] loan transferred to Ocwen Loan Servicing on November 15, 2013 due for the October 2013 payment, then transferred to Nationstar Mortgage on March 17, 2014 due for the February 2014 payment." (M. Contempt, Ex. E, ECF No. 87) Based on this data, the problem occurred prior to Nationstar's receipt of the loan and they are acting solely on the record received from Ocwen. Without additional information, it is not clear that Nationstar has acted in a manner warranting punitive damages.

The court finds that the motion for contempt is not well taken and it will be denied. An

4

order consistent with this opinion will be entered immediately.

# # #

**Service List:**

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Christian Carl Mertz
Andrea Lynn Mertz
1315 Eastover Circle
Canal Fulton, OH 44614

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702

Nationstar Mortgage
P.O. Box 60516
City of Industry, CA  91716-0516

Nationstar Mortgage
Account Resolutions
350 Highlands Drive
Lewisville, TX  75067

Nationstar Mortgage
P.O. Box 630348
Irving, TX  75063